UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL SEGOVIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-1328-B |
| | § | |
| SHAHRUKH & SHAHZEB INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Shahrukh & Shahzeb Inc.'s Motion to Dismiss (Doc. 12) and Plaintiff Rafael Segovia's Motion for Extension of Time to File a Response (Doc. 14). For the following reasons, the Court **GRANTS** Shahrukh & Shahzeb's Motion to Dismiss and **DENIES** Segovia's Motion for Extension of Time.

### I.
### BACKGROUND

This suit concerns a business's compliance with the Americans with Disabilities Act ("ADA")'s Accessibility Guidelines, 28 C.F.R. §§ 36.101–36.607. Segovia is a wheelchair user and self-proclaimed ADA "tester" who "monitor[s], determine[es], and ensur[es] whether places of public accommodation are in compliance with the ADA." Doc. 1, Compl., ¶¶ 6–7. Shahrukh and Shahzeb owns and leases a strip mall located in Grand Prairie, Texas ("the Property"). *See id.* ¶ 10. Segovia alleges his access to and enjoyment of the Property has been limited and/or denied because of physical barriers that violate the ADA. *See id.* ¶ 12.

Segovia does not list the specific dates he visited the Property. *See id.* ¶ 13. Instead, he alleges that he "attempted to patronize" the Property on "multiple prior occasions" and "intends on revisiting [the Property]" as soon as the violations are cured. *Id.* In total, Segovia lists eleven specific violations in his Complaint. *Id.* ¶ 25. Segovia seeks injunctive relief requiring Shahrukh & Shahzeb to remedy its alleged ADA violations. *See id.* ¶¶ 16–40.

Shahrukh & Shahzeb filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on November 3, 2022. Doc. 12, Mot. Dismiss. It argued Segovia did not have standing as a tester, did not allege an imminent future injury, and did not adequately allege a readily achievable remedy to the accessibility barriers. *Id*. at 4, 7, 9. Segovia failed to file a response within the 21-day deadline. *See* N.D. Tex. L. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Segovia now seeks an extension to his response deadline. Doc. 14, Mot. Extend. The Court considers both motions below.

## II.
## LEGAL STANDARD[1]

A party may assert lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise jurisdiction that is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a federal court lacks the statutory or constitutional power to adjudicate a case, it must dismiss the case for

---

[1] While Shahrukh & Shahzeb's Motion to Dismiss relies on both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), because the Court's decision rests solely on Rule 12(b)(1), it does not provide the legal standard for Rule 12(b)(6).

lack of subject matter jurisdiction. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"Standing is an issue of subject matter jurisdiction, and thus can be contested by a Rule 12(b)(1) motion to dismiss." *Little v. Tex. Attorney Gen.*, 2015 WL 5613321, at *2 n.5 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.). "[T]he requirement that a claimant have 'standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Davis v. FEC*, 554 U.S. 724, 733 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, a plaintiff must meet three requirements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*NAACP v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010) (quoting *Lujan*, 504 U.S. at 560–61 (alterations omitted). If the plaintiff does not have this requisite personal interest, he cannot sue in federal court.

## III.
## ANALYSIS

Segovia seeks an extension of time to file a response after failing to timely respond to Shahrukh & Shahzeb's Motion to Dismiss. Doc. 14, Mot. Extend. However, because the Court finds instructive the Fifth Circuit's reasoning in *Laufer v. Mann Hospitality, LLC*, 996 F.3d 269 (5th Cir. 2021) and *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169 (5th Cir. 2018) (per curiam), the Court finds no need to grant Segovia's request for an extension of time to file a response. *See*

*McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam) (whether to grant a motion to extend time is "a question of the court's discretion"). As such, the Court **GRANTS** Shahrukh & Shahzeb's Motion to Dismiss and **DENIES** Segovia's Motion to Extend Time.

A.    *Motion to Dismiss*

Shahrukh & Shahzeb argues that Segovia "is a 'tester' without the kind of personal interest in the accessibility of Shahrukh's property that would make the existence of barriers to access cause him a concrete, personal injury." Doc. 12, Mot. Dismiss, 5. Shahrukh & Shahzeb relies heavily on the Fifth Circuit's opinion in *Laufer*. *See id.* In *Laufer*, the Fifth Circuit found that Laufer, a disabled person and "ADA tester," who sued a motel for violations under the ADA, did not demonstrate "how the alleged violations affect[ed] her in a concrete way." *Laufer*, 996 F.3d at 272. Further, Laufer's "general intent to visit the area someday" could not confer Article III standing where Laufer otherwise lacked a cognizable injury. *See id.* Ultimately, the Fifth Circuit held that "[a plaintiff's] assumed status as an 'ADA tester' does not absolve her of the need to show an injury in fact for standing purposes." *Id.* at 273 & n.4 (collecting cases).

Similarly in *Deutsch*, the Fifth Circuit held that Deutsch, a serial ADA plaintiff and wheelchair user, did not have standing to sue a company for supposed ADA violations. 882 F.3d at 171–74. Because Deutsch could not show how these alleged violations "negatively affect[ed] his day-to-day life" or whether Deutsch had any intent to return to the premises, the court held that he had not shown "any likelihood of future injury necessary to obtain equitable relief." *Id.* at 174 (internal quotations and alterations omitted).

Here, Segovia resembles the plaintiffs in *Laufer* and *Deutsch*. Segovia claims he "will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at [the Property]." Doc. 1, Compl., ¶ 15. But this is insufficient to show "he is affected by the

alleged violations in a concrete way that will negatively affect his day-to-day life." *See Segovia v. Admiral Realty, Inc.*, 2022 WL 3104849, at *3 (N.D. Tex. Aug. 4, 2022) (Lindsay, J.) (dismissing a nearly identical complaint Segovia filed against a different defendant); Compl., *Segovia v. Admiral Realty, Inc.*, 3:21-CV-2478-L (N.D. Tex. October 8, 2021), ECF 1 (Lindsay, J.). Instead, Segovia's vague allegation about his past visits and future intent to return fail to show any actual injury.

Further, Segovia's self-proclaimed role as a "tester" cannot confer Article III standing without a concrete and particularized injury. *See Laufer*, 996 F.3d at 273 (holding "status as an 'ADA tester' does not absolve [plaintiff] of the need to show an injury in fact"); *see also Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (explaining a "mere tester of ADA compliance . . . also must show a real and immediate threat of future injury"); *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 656 (4th Cir. 2019) (noting "tester status . . . cannot create standing" absent some concrete injury); *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 494–95 (6th Cir. 2019) (explaining tester status does not "give[] [plaintiff] a pass to skip the ordinary constitutional requirements to suing in federal court").

Because Segovia lacks standing, the Court **DISMISSES WITHOUT PREJUDICE** Segovia's claims for lack of subject matter jurisdiction.

B.   *Leave to Amend*

Under the Federal Rules of Civil Procedure, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow such amendment, a court, in its discretion, may consider factors such as "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Here, since this is Segovia's first opportunity to plead his claims, the Court finds that it is in the interest of justice that he be given **one** opportunity to replead his claims. Accordingly, the Court **GRANTS LEAVE** to Segovia to file an amended complaint.

## IV.
## CONCLUSION

For the reasons above, Segovia has failed to demonstrate that he has "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical"; therefore, he lacks standing. *See Laufer*, 996 F.3d at 272 (internal citation and quotation omitted). Accordingly, the Court **GRANTS** Shakrukh & Shahzeb's Motion to Dismiss (Doc. 12) and dismisses without prejudice this action for lack of subject matter jurisdiction. Further, the Court **DENIES** Segovia's Motion to Extend (Doc. 14). If Segovia wishes to file an amended complaint, he must do so within **THIRTY (30) days** of this Order.

SO ORDERED.

SIGNED: December 9, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE